Lupiano, J.
(dissenting). In this summary holdover proceeding, the petition, as amended, contains allegations that the demised premises are not subject to the Bent Stabilization Law of 1969 or to the City Bent, Eviction and Behabilitation Law and Begulations (hereinafter “Begulations”) by reason of the fact that they constitute business and commercial space and that they, are not subject to rent control by virtue of section 2 (subd. f, par. [2]) of the Begulations. The tenant’s answer was that the subject premises are controlled, and contains a counterclaim to recover treble damages for alleged rent overcharges. It is indicated upon the face of the lease that the premises were to be used as “ offices ” and for no other purpose. Tenant, it appears, was incorporated under the Beligious Corporations Law of New York State and has received a Treasury Department exemption as a religious corporation.
By order of the District Bent and Behabilitation Director dated July 31, 1962, it was found that the subject premises 11 are controlled housing accommodations as defined by the aforesaid Begulations ”. A subsequent order dated April 29, 1968, in a proceeding before the City Bent Administration involving a prior corporate tenant of these premises, terminated such proceeding with the observation: “ pursuant to representation and statement of landlord, the subject apartment is an office and not a residential unit. This office does not control office or commercial units. unless used as a residence ”. A further subsequent.order of the City Bent Administration effective January 1, 1972 setting forth maximum collectible rent for all apartments in the building clearly indicates the controlled status of the subject premises. Also admitted into evidence, in addition to the aforesaid, was City Bent Control Form A23 subscribed by the managing agent of the petitioner in charge of the building of which the demised premises are a part. This form, a combination application and notice for compensatory rent and labor cost adjustment (Begulations, §§ 23, 33.8) was served in 1970 on the corporate tenant herein. In it the petitioner by his agent described the premises as 11 controlled and exempt ’ ’. Said form bears an admonitory legend to the effect that any false statement or entry is a crime punishable by imprisonment or fine or by both fine and imprisonment, and a civil fine which may be- imposed by the Administrator.
*764 The trial court found that the tenant was a nonprofit religious organization exempt from the City Rent Regulations by reason of section 2 (subd. f, par. [2]) of the Regulations. On this basis, the trial court further concluded that section 13 of the Regulations did not apply. This finding and conclusion are in error. Scrutiny of the record discloses that there is no proof that the corporate tenant was “ operated exclusively for charitable or educational purposes on a non-profit basis ” as -required by section 2 (subd. f, par. [2]) of the City Rent Regulations. Be that as it may, the exemption envisioned under said section is given in respect of ‘ ‘ housing accommodations ” owned by the institutions delineated therein. It is not the privileged institution which is exempt, it is the owned housing accommodation.
The most critical issue raised by the record herein involves the interpretation and application of section 13 of the City Rent Regulations. This se.ction, entitled “ Commercial or professional renting of controlled housing accommodations on or after May 1, 1955 ’ ’, provides inter alia: ‘ ‘ Any housing accommodation subject to these Regulations which, on or after May 1, 1955, was or may be rented for commercial or professional use shall continue to be subject to control, unless the State Rent Commissioner issued an order exempting them from control during the period of occupancy by the tenant or an order is issued by the Administrator exempting the housing accommodation from these Regulations during the period of occupancy by the tenant ”. (Emphasis supplied.) Section 13 of the City Rent Regulations applies to controlled housing accommodations. A tenant is defined as a “ tenant, subtenant, lessee, sub-lessee, or other person entitled to the possession or to the use or occupancy of any housing accommodation ” (Regulations, § 2, subd. 0). “ Person ” is defined as “an individual, corporation, partnership, association, or any other organized group of individuals or the legal successor or representative of any of the foregoing” (Regulations, § 2, subd. j). A corporation may therefore, on application of the foregoing statutory definitions, be a tenant of a housing accommodation. As there is no statutory definition of the term “ individual ”, an interpretation of the statutory definition of ‘ ‘ person ’ ’ to define “ individual ” as other than a “ corporation ” within the context of the statutory definition of “Housing accommodation” (Regulations, § 2, subd. e) would be unwarranted. This latter interpretation, having as its goal the nonapplication of section 13 of the Regulations where the housing accommodation is *765 rented to a corporate tenant, would torture the meaning and application of said section. This rent regulation, when closely read, is use-oriented and is not designed to revolve around the type of tenant who occupies the premises — whether an individual, corporation, partnership or group of individuals.
In Corporation of the Church of Jesus Christ of Latter-Day Saints v. Sidru Inv. Co. (App. Term, 1st Dept., Jan. 1969, No. 002), this court held that despite the fact that the demised controlled premises were sublet to a corporate undertenant for commercial purposes, ‘1 the failure to prove the issuance of an order of decontrol * * * as required by Section 13 of the City Rent Regulations, leaves in force the last registration on file with the City Rent Commissioner which, in 1954, designated [the premises] as a housing accommodation”. This decision is controlling. In view of such decision, the analysis delineated above and the policy consideration clearly underlying section 13, reversal of the final judgment is warranted. Further, compelling reason for this determination may be found in Reichman v. Brause Realty (34 A D 2d 338, 342-343 [1st Dept., 1970]), wherein it was observed that the landlord made no application for decontrol under section 13. The appellate court modified the judgment of Trial Term, New York County, which granted a permanent injunction against the landlord from permitting any person, firm or organization to occupy space in the premises for commerical or nonresidential purposes, as follows (p. 342): decretal paragraph 2 modified by inclusion of emphasized language— ‘ ‘ 2. Leasing, renting or otherwise giving possession to or permitting any person, firm, or organization to occupy space in the subject premises * * # for commerical or nonresidential purposes; except as provided in Section 13 of the City Rent Regulations ”. If section 13 of the City Rent Regulations does not apply to corporations, firms or organizations other than individuals, there would have been no necessity for such modification. Therefore, the application of section 13 where the premises are utilized by a corporate tenant for nonresidential or commercial purposes has been implicitly recognized by the Appellate Division, First Department.
The majority recognize (p. 762) that “housing accommodations may be leased to a corporation for residential purposes for its officers, employees, customers, etc.” In their view the invocation by a corporate tenant of section 13 where the use “is for commerical purposes ” may serve the deleterious purpose of making such tenant a “ housing tenant ”, i.e. affording *766 to such tenant the protection of the Bent Control Law and Regulations. This, in my view, was never the intent of said section. On this record it is clear that the subject premises are controlled and were so regarded by petitioner under the apprehension that such premises were exempt; There is no showing of an order of decontrol or of exemption since the last order disclosing controlled status. To hold that section 13 does not apply simply because the tenant is a corporation, rather than an individual, would emasculate the reach of said section by permitting landlords the simple expedient of circumventing the jurisdiction of the Rent Administrator over a controlled housing accommodation by withdrawing such accommodation from the residential rental market and renting it for a commercial or nonresidential purpose to a corporation. Of course, if the landlord made the “ mistake ” of so renting to an individual, rather than a corporation, section 13 would apply and frustrate such effort to circumvent the Rent Administrator’s jurisdiction. This anomaly, countenanced by the majority, places a premium on a landlord’s alleged sagaciousness in renting residential housing accommodation subject to rent control for commerical or nonresidential use to a corporation rather than an individual. The incentive to withdraw such accommodation from the residential market is, of course, the lure of higher rental and the avoidance of the strictures of rent control. Whether the premises are rented to and so used by an individual or corporation, the result is the same — the diminution of available residential accommodations. It is this aspect which section 13 is designed to guard against. In essence, it protects the jurisdiction of the Rent Administrator over controlled housing accommodations which are rented by the landlord for commercial or professional use until such landlord obtains an exemption order. Indeed, the Administrator is directed to issue such order effective as of the date of the commerical or professional renting upon a finding that ‘1 the renting complies with the requirements of law and of City agencies having jurisdiction and was made in good faith without any intent to evade the Rent Law or these Regulations ”. (Regulations, § 13; emphasis supplied.)
Matter of Colin v. Altman (39 A D 2d 200 [1st Dept., 1972]) cited by the majority is inapposite as it involves section 55 of the Regulations and solely holds that such section is limited to individual landlords.
Accordingly, it must be concluded on this record that the premises are subject to rent control and, despite the conduct *767 of the parties in changing the use, until an exemption order is applied for by the landlord and granted by the Rent Commissioner, the premises, in the words of section 13, “ shall continue to be subject to control, unless * * * an order is issued by the Administrator exempting the housing accommodation from these Regulations during the period of occupancy by the tenant.” I would therefore reverse the final judgment, dismiss the petition, and sever the counterclaim for rental overcharges with a direction that trial of such counterclaim be stayed pending a final determination of the Rent Administrator on the landlord’s application for an order of exemption, such stay to be vacated unless landlord initiates such application within 15 days after service of a copy of the order entered hereon with notice of entry.
Fine and Frank, JJ., concur in a Per Curiam opinion; Lupiano, J. P., dissents in memorandum.
Final judgment affirmed, etc.